IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CITIBANK (SOUTH DAKOTA), N.A., | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-CV-868-WKW[WO] |
| | ) | |
| ANGELA L. DUNCAN, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ZARZAUR & SCHWARTZ, P.C., *et al.*, | ) | |
| | ) | |
| Counter-Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on Defendant/Counter-Plaintiff Angela L. Duncan's ("Duncan") Motion to Remand (Doc. # 15). For the reasons to follow, the motion is due to be granted and this action remanded for lack of jurisdiction.

**I. FACTS AND PROCEDURAL HISTORY**

On July 15, 2009, Plaintiff/Counter-Defendant Citibank (South Dakota), N.A. ("Citibank"), filed an action in the Circuit Court of Montgomery, Alabama, against Duncan to collect an overdue balance on a credit card account. (Doc. # 1, pt. 3.) On August 31, 2009, Duncan filed an answer including various counterclaims and adding new counterclaim defendants. (Doc. # 1, pt. 4.) Although they were not parties to the original complaint,

Zarzaur & Schwartz, P.C. ("Zarzaur") and Hope Financial USA, Inc. ("Hope") were added as "Counterclaim Defendants." (Docs. # 1, 2.)

The counterclaim asserts a number of federal claims against Zarzaur and Citibank including, *inter alia*, claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p. (Doc. # 1, pt. 3 ¶¶ 111-22.) Duncan asserts a number of federal claims against Hope including, *inter alia*, claims under the U.S. Credit Repair Organization Act, 15 U.S.C. §§ 1679-1679j, (Doc. # 1, pt. 3 ¶¶ 70-74), and the Debt Relief Agency portions of the U.S. Bankruptcy Code, 11 U.S.C. §§ 526-28, (Doc. # 1, pt. 3 ¶¶ 75-110). Duncan brings these claims on her own behalf and on behalf of a putative class of persons who have been sued by Citibank and Zarzaur in collection cases in which they sought to collect charged off debt or contracted with Hope for provision of services under the Credit Repair Act or Debt Relief Agency Act. (Doc. # 1, pt. 3 ¶¶ 44-56.) Duncan seeks for her and the putative class actual and statutory damages, punitive damages, declaratory and injunctive relief, and reasonable attorney's fees; however, a specific dollar amount is not alleged. Additionally, Duncan served notice that she will seek sanctions against any party who attempts to remove this action. (Doc. # 1, pt. 3 ¶ 22.)

On September 11, 2009, Zarzaur removed this action, and Citibank and Hope later consented to the removal. (Docs. # 1, 2, 17.) Zarzaur alleges that because it is "not an original plaintiff in this action, but rather is an 'additional' or 'new' defendant against whom a separate and independent federal claim is brought, it may remove this case." (Doc. # 1

¶¶ 3-4.) Moreover, Zarzaur alleges that, pursuant to 28 U.S.C. §§ 1332(d)(2) and § 1453, the court has jurisdiction over this proposed class action because it meets minimal diversity and the amount in controversy requirements and because all other jurisdictional requirements have been met. (Docs. # 1, 6, 8-13.)

On October 1, 2009, Duncan filed the instant motion to remand. (Doc. # 15.) The parties have fully briefed the motion. Additionally, Duncan requests that, if the motion to remand is not granted and such decision is based upon the authority of *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980), the court certify an order for interlocutory appeal. (Doc. # 28, at 5.)

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id*. The removing defendant bears the burden of establishing the propriety of removal. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007); *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

## III. ANALYSIS

The parties dispute whether Zarzaur properly removed this case to federal court. Zarzaur and Hope propose two bases for doing so: (1) under 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1441(c) as a counter-defendant who was not a party to the original claim, pursuant to *Carl Heck*, and (2) under § 1332 (diversity jurisdiction), § 1441, and § 1453 as a class action counter-defendant who was not a party to the original claim, pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in pertinent part at § 1332(d) and § 1453(b)). The court addresses these arguments in turn.

There is a dispute among the federal courts about whether a *third-party* defendant has the right to remove a case that contains a "separate and independent claim or cause of action" pursuant to § 1441(c).[1] Unlike the majority of courts that have decided the issue, the former Fifth Circuit in *Carl Heck* held that removal of such cases by a third-party indemnity

---

[1] 28 U.S.C. § 1441(c), which governs the removal of § 1331 (federal question) actions from state to federal court, provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

defendant is proper.[2] *See* 622 F.2d at 135-36. The new Fifth Circuit extended the *Carl Heck* rule, allowing counter-defendants who were not parties to the original action to remove a case that contained a claim that was separate and independent from the original action. *See Bd. of Regents of Univ. of Tex. Sys. v. Walker*, 142 F.3d 813, 816-17 (5th Cir. 1998). Although *Carl Heck* is binding authority as to removals by third-party defendants,[3] *Walker* is not. Nor is *North Star Capital Acquisitions v. Krig*, No. 07-264, 2007 WL 3522425 (M.D. Fla. Nov. 15, 2007), the unreported district court opinion cited by the counter-defendants in support of removal. Zarzaur and Hope are not third-party defendants, and they have not persuaded the court that it should follow the expansion suggested in *Walker*. The Eleventh Circuit has yet to decide whether § 1441(c) encompasses removals by counter-defendants, and given the divisiveness among other courts as to the underlying conclusion reached in *Carl Heck*, the court is persuaded that the better course is to remand, rather than to guess what this circuit might hold if presented with the unsettled issue of whether *Carl Heck* should be extended to removals by counter-defendant. *See Jones v. LMR Int'l, Inc.*, 457 F.3d 1174,

---

[2] *See Jefferson Parish Hosp. Dist. No. 2 v. Harvey*, 788 F. Supp. 282, 284 (E.D. La. 1992) ("[T]he Fifth Circuit has spearheaded the emergence of the minority rule that a third-party defendant can remove under 28 U.S.C. § 1441(c) 'if the third-party complaint states a separate and independent claim which if sued upon alone could have been brought properly in federal court.'" (quoting *Carl Heck*, 622 F.2d at 136). *Carl Heck* was superseded in part by § 1441(c) as stated in *The Mobile Washington (MOWA) Band of the Choctaw Indian Tribe v. Sunbelt Resources, Inc.*, 649 F. Supp. 2d 1325, 1330 (S.D. Ala. 2009). Section 1441(c) forecloses removal of claims based upon diversity, but "remains good law with regard to third party removals of actions based upon federal question jurisdiction." *BJB Co. v. Comp Air Leroi*, 148 F. Supp. 2d 751, 754 (N.D. Tex. 2001).

[3] The Eleventh Circuit has adopted all prior decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, as binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

1177 (11th Cir. 2006) ("In reviewing matters concerning removal and remand, 'it is axiomatic that ambiguities are generally construed against removal.'" (quoting *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979)); *cf. Sterling Homes, Inc. v. Swope*, 816 F. Supp. 319, 320-27 (M.D. Pa. 1993) (Based upon the absence of Third Circuit precedent and "the presumption against removal in ambiguous cases," the district court "follow[ed] the majority rule among courts . . . that only first party defendants may remove an action to federal court" and remanded the action to state court).

Zarzaur further argues that, as a counter-defendant who was not a party to the original claim, it can remove this class action pursuant to CAFA. In contrast to the courts that have decided this issue, *see, e.g., Palisades Collections LLC v. Shorts*, 552 F.3d 327, 334 (4th Cir. 2008), *cert. denied*, *AT&T Mobility LLC v. Shorts*, 129 S. Ct. 2826 (2009), Zarzaur and Hope argue that CAFA was intended to broaden federal jurisdiction and that the language of § 1453 does not limit a counter-defendant's right to remove a class action. However, no language in § 1453 provides for newly added counter-defendants to remove class actions. Moreover, despite Zarzaur's allegations to the contrary, the removal documents do not establish the amount in controversy; therefore, this court does not have diversity jurisdiction under CAFA or otherwise. *See Lowery*, 483 F.3d at 1211 ("If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand.").

The removing defendant has not carried its burden of showing that removal was proper, and this case is due to be remanded.

## IV. CONCLUSION

For the reasons stated above, it is ORDERED that:

1. Defendant/Counter-Plaintiff Angela L. Duncan's Motion to Remand (Doc. # 15) is GRANTED;

2. To the extent they have not already been resolved, the remaining motions (Docs. # 8, 11) are DENIED as MOOT;

3. This case is REMANDED to the Circuit Court of Montgomery County, Alabama; and

4. The Clerk is DIRECTED to take all steps necessary to effect the remand.

DONE this 25th day of January, 2010.

                                        /s/ W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE